UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO J. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:16-CV-561 JD |
| | ) |
| SERGEANT BURRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Demajio J. Ellis, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983 alleging that he was unnecessarily forced to remain in his sewage flooded cell for six hours at the Westville Correctional Facility ("Westville") on January 12, 2016.[1] The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind

---

[1] Notably, Ellis has previously been granted leave to proceed on similar allegations that were contained in the original complaint. (DE 7.) However, he requested leave to file an amended complaint to clarify that it was his toilet that overflowed, which flooded his cell with raw sewage. (DE 9.) Not suprisingly, this screening order is largely duplicative of the original screening order.

1

that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the amended complaint, at 9:10 p.m. on January 12, 2016, raw sewage backed up and overflowed Ellis's toilet. Without reason, Sergeant Burris, Sergeant Penning, Officer Mahoney and Officer Nicksich would not allow Ellis out of his cell, which was flooded with raw sewage. They unnecessarily required him to remain in the cell until 2:45 a.m. After the water retreated, these officers refused to clean Ellis's cell. When Ellis was placed back in his cell, feces was still present on the floor. As a result of coming into contact with the raw sewage, and having to remain in it for approximately six hours, Ellis's foot became swollen. Based on these events, Ellis sues the four officers, asserting a denial of his Eighth Amendment rights.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, bedding, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Here, although his complaint is not heavy on detail, giving Ellis the benefit he is entitled to at this stage, the court concludes that

he has stated enough to proceed on a claim that he was denied the minimal civilized measure of life's necessities. Unnecessarily leaving a person in a cell flooded with raw sewage implicates the Eighth Amendment.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Ellis makes several sweeping allegations regarding the defendants collectively being responsible for the conditions of his confinement. However, there is an allegation that all four defendants were aware of the raw sewage overflowing into the cell. There is also an allegation that all four were involved in the failure to clean and disinfect the area, and all four participated in making Ellis unnecessarily remain in the sewage flooded cell. Taking his allegations as true, this amounts to deliberate indifference. As such, Ellis will be granted leave to proceed on this Eighth Amendment claim against the defendants.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Burris, Sergeant Penning, Officer Mahoney and Officer Nicksich in their individual capacities for money damages for

failing to provide him with adequate conditions of confinement on January 12, 2016 through January 13, 2016, in violation of the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Sergeant Burris, Sergeant Penning, Officer Mahoney and Officer Nicksich with a copy of this order and the amended complaint (DE 11) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Burris, Sergeant Penning, Officer Mahoney and Officer Nicksich respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 27, 2017

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court