UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO J. ELLIS,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.:3:16-CV-561-JEM |
| SERGEANT BURRIS, *et al.*,<br>      Defendants. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff [sic] Motion to Compel Discovery [DE 69], filed by Plaintiff Demajio Ellis, *pro se*, and received by the Court on January 8, 2019. Plaintiff seeks to compel Defendants to produce documents and video in response to his discovery requests. Defendants responded on January 22, 2019.

    **I.**    **Background**

Plaintiff, a former inmate at Westville Correctional Facility, filed an Amended Complaint alleging as follows: On January 12, 2016, toilets in certain cells began flooding when another inmate flushed clothes down a toilet. Plaintiff alleges that his own cell started to "overflow and flood" with "feces, urine, and sewage water." Twenty minutes later, Plaintiff's own toilet and water were shut off. Plaintiff alleges that the prison officers refused to clean his cell or move him to a more sanitary area for approximately six hours. After six hours, Plaintiff was temporarily removed from his flooded cell. When he was returned to his cell, the water had been restored, but he was forced to use his own commissary items to clean his cell, and he was denied a shower until the afternoon of January 13, 2019, roughly 18 hours after the incident began. Plaintiff argues that his right foot became swollen "due to the contaminated water," and that the conditions constituted cruel and unusual punishment, in violation of his Eighth Amendment rights. Plaintiff has now filed a motion

to compel Defendants to produce documents and video in response to his discovery requests.

**II.    Analysis**

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of "show[ing] why [that] particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Plaintiff seeks to compel additional responses to three of his requests for production. In "Request 1," Plaintiff requests "[a]ll downstairs video camera footages on both ranges where inmates' cells were flooded on B-Pod 5 Range and 7 Range camera footages." Defendants objected to this request as overly broad, unduly burdensome, and seeking irrelevant information, noting that Plaintiff did not specify a time frame for the video footage. They also objected that the release of the requested video could compromise the security of the prison.

The Court agrees that the request is overbroad, and that it would be unduly burdensome for Defendants to produce "all" footage of B-Pod 5 and 7 Ranges (where Plaintiff alleges that approximately 12 inmates' toilets were flooded). However, any video showing Plaintiff's own cell during the time Plaintiff alleges it was flooded would be relevant to his claims that he was held in

2

unsanitary conditions.

Defendants also objected that the requested video "would reveal potential blind spots in the prison dorm's security system." Prison employees enjoy considerable, though not boundless, discretion in determining whether the release of video threatens prison security. *See, e.g.*, *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (finding that the Seventh Circuit Court of Appeals has "never approved of a blanket policy of keeping confidential security camera videotapes for safety reasons"; there must be a "legitimate security reason"). Given the limited scope of the video contemplated in this order, a general objection referencing "potential blind spots" is not sufficient. *Hall v. Spears*, No. 17-CV-749-BBC, 2018 WL 3238651, at *1 (W.D. Wis. July 2, 2018) ("[r]eliance on [] such vague security concerns is not enough" to establish an "actual security risk"); *Thomas v. Reese,* No. 13-CV-597-WMC, 2015 WL 7776609, at *2 (W.D. Wis. Dec. 2, 2015) (requiring *in camera* review of video where jail officials' assertion that "there may be blind spots in camera coverage" did not establish a security risk). Defendants must either produce any video showing Plaintiff's own cell during the time he alleges it was flooded, or explain why Defendants' security concerns outweigh the video's relevance in this suit, as described below.

Next, in Request 2, Plaintiff seeks "[a]ny and all policies, procedures, manuals, and documents on biohazard situations as described in this complaint." Defendants initially objected to this request as overly broad, vague, and argumentative, and to the term "biohazard situations" as unclear. In his motion to compel, Plaintiff clarifies that the "biohazard situations" referenced in the request include "the flooding of feces, urin[e], and sewage water." Defendants agreed to supplement their response to reflect Plaintiff's clarification. The Court notes that the supplementation should include any policies, produces and manuals indicating how the prison would address the overflow

3

of sewage into an inmate's cell.

Finally, in Request 5, Plaintiff seeks "[n]ame[s] of all maintenance workers that fixed the water situation in the complaint." Defendants objected to the request as vague, overbroad, unduly burdensome, and seeking irrelevant information. Defendants also objected that no such document exists, and they had no duty to create it. Plaintiff's request should have been styled as an interrogatory, not a request for production. However, a *pro se* plaintiff's filings should be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and legitimate requests for discoverable information should not be ignored for technical reasons. *See Wilson v. Weisner*, 43 F. App'x 982, 986 (7th Cir. 2002) (holding that a *pro se* plaintiff's discovery requests "should be held to less exacting standards") (citing *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give the pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable.").

In this case, the individuals who fixed the toilets are witnesses who may themselves have discoverable information; Defendants continually referenced these maintenance workers in their own discovery responses. *See, e.g.,* Defendants' Responses to Interrogatories [DE 63-1 at 1] ("maintenance was notified"), [DE 63-1 at 4] ("maintenance had fixed the issue"), [DE 63-2 at 3] ("Maintenance was contacted"). To the extent Defendants have a legitimate objection to identifying the people who fixed the malfunction that is the subject of Plaintiff's complaint, it is not discernible from the objections listed in their responses. Accordingly, Defendants should produce the names of the maintenance workers.

### III.  Conclusion

For the reasons described above, the Court **GRANTS in part and DENIES in part** Plaintiff

4

[sic] Motion to Compel Discovery [DE 69], and **ORDERS**:

(1) To the extent Defendants maintain their objection of a threat to prison security with regard to video of Plaintiff's own cell, they must file under seal any video showing Plaintiff's own cell <u>between January 12, 2016 at 9:10 p.m. and January 13, 2016 at 3:20 a.m.</u>, along with argument explaining why the video poses a security risk, by **July 17, 2019**. The Court will review the video *in camera* and determine whether the security concerns outweigh the relevance of the video to this lawsuit. Alternatively, Defendants may make arrangements with the Pendleton Correctional Facility, 4490 W. Reformatory Rd., Pendleton, IN 46094, where Plaintiff is currently housed, for Plaintiff to view the video by **July 31, 2019**;

(2) To the extent they have not already done so, Defendants must supplement their response to Plaintiff's Request 2, seeking "policies, procedures, manuals, and documents on biohazard situations," by **July 31, 2019**;

(3) Defendants must produce a list of the maintenance workers that fixed the clogged toilets on B-Pod Ranges 5 and 7 on January 12-13, 2016, by **July 31, 2019**; and

(4) The deadline for the close of fact discovery is extended to **July 31, 2019**, for the limited purposes described in this order.

SO ORDERED this 28th day of June, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record  
      Plaintiff, *pro se*